IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE, AND ANNUITY FUNDS, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 19-cv-915-SMY |
| vs. | )<br>) |
| SUPPLIED INDUSTRIAL SOLUTIONS, INC. and STEPHEN L. BROCK, individually, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# ORDER

**YANDLE, District Judge:**

Plaintiff filed the instant action against Defendants Supplied Industrial Solutions, Inc. and Stephen L. Brock on August 21, 2019, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1131, *et seq*. (Doc. 1). This matter is now before the Court on Plaintiff's Motion for Contempt (Doc. 23). Defendants failed to respond.

## Background

Defendants were served with a copy of the summons and Complaint on August 28, 2019 (Docs. 6, 7). Defendants failed to answer Plaintiff's Complaint or otherwise plead, and a Clerk's Entry of Default was made on December 13, 2019 (Doc. 10).

On March 13, 2020, Plaintiff moved for default judgment (Doc. 12). The Court denied the motion without prejudice and granted injunctive relief, ordering Defendants to submit all of their payroll records and books necessary for an audit (Doc. 14). Defendants failed to comply with the Court's Order and on October 26, 2020, the Court entered a Show Cause Order directing

Defendants to show cause why the Court should not hold them in contempt. Defendants again failed to comply with the Court's Order or otherwise respond.

On April 25, 2025, Plaintiff filed a Motion for Contempt requesting this Court impose appropriate sanctions against Defendants for willful violation of the Court's Orders of June 25, 2020 and October 26, 2020; issue a body attachment to secure the non-appearing party's appearance, and ordering appropriate attorney fees and costs. The Court held a hearing on the motion on July 7, 2025. Defendants failed to appear for the hearing despite having proper notice.

### Discussion

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999)). To be found in contempt, a party "must have violated an order that sets forth in specific detail an unequivocal command from the court." *Dowell*, 257 F.3d at 699.

Here, Defendants have willfully violated multiple Court Orders despite having proper notice and the Court finds that sanctions are appropriate. For the foregoing reasons, and as more fully stated on the record during the July 7, 2025 motion hearing, Plaintiff's Motion for Contempt is **TAKEN UNDER ADVISEMENT**. The Court will issue a writ of body attachment on Defendant Brock by separate order directing him to appear before the Court to answer why he should not be held in contempt of court.

**IT IS SO ORDERED.**

**DATED:  July 7, 2025**

**STACI M. YANDLE**
**United States District Judge**