**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-cv-915-SMY** |
| **vs.** | ) | |
| **SUPPLIED INDUSTRIAL SOLUTIONS, INC., and STEPHEN L. BROCK, Individually,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Central Laborers Pension, Welfare, and Annuity Funds filed the instant action against Defendants Supplied Industrial Solutions, Inc. and Stephen L. Brock, alleging violations of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 151, *et seq.*, and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (Doc. 1). This matter is now before the Court on Plaintiff's Motion for Default Judgment (Doc. 52). Defendants have not responded.

## Background

Plaintiff filed the instant action against Defendants on August 21, 2019, alleging Defendants breached the provisions of several participation agreements and memoranda of agreements (the "Agreements") which consisted of contributions, delinquent fringe benefit contributions and audit costs. Under the Agreements, in the event of a breach, Plaintiff is authorized to sue pursuant to the provisions of the Employee Retirement Income Security Act for the delinquent contributions and/or other liability.

Defendants were served with a copy of the Summons and Complaint on August 30, 2019 (Docs. 6, 7) but did not file answers to the Complaint or otherwise plead. Accordingly, the Clerk of Court entered default against Defendants on December 13, 2019 (Doc. 10).

Plaintiff moved for default judgment on March 13, 2020 (Doc. 12). The Court granted the motion in part and ordered Defendants submit their payroll records and books necessary for an audit (Doc. 14). The audit report was finalized on June 30, 2026 for payroll records and books between August 1, 2014 to December 31, 2024.

**Discussion**

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the audit report, Plaintiff seeks the following damages on default for the actual amount due and owing:

a. $74,931.39 in delinquent contributions.

b. $7,502.52 in liquidated damages.

c. $3,950.00 in audit costs

d. $6,177.25 in attorneys' fees and costs.

The audit also revealed an overpayment of $396.55 which will be credited to Defendants, making the total damages sought **$92,263.78** (*see* Doc. 52-2).

The damages on default are ascertainable without the necessity of a hearing. Accordingly, Plaintiff's motion is **GRANTED**; Default Judgment is entered in favor of Plaintiff and against Defendants in the total amount of **$92,263.78.**

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**